IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD FERGUSON,
        Plaintiff,

v.                                                  CIVIL ACTION NO. 3:19-0810

ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,
d/b/a Erie Insurance Group,

        Defendant/Third-Party Plaintiff,

v.

BIZZACK CONSTRUCTION, LLC,

        Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Bizzack Construction, LLC's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or, in the Alternative, Motion to Stay, ECF No. 12. Because the Court has diversity jurisdiction over this action and finds inadequate grounds for a stay, the Court **DENIES** the Motion.

### I. BACKGROUND

Plaintiff Richard Ferguson alleges Bizzack damaged his home while blasting to construct a nearby road. ECF No. 1 ¶ 10. At the time, Ferguson had an insurance policy with Erie Insurance Property and Casualty Company that covered blasting-related damage. *Id.* ¶ 33. Erie inspected Ferguson's property and determined the damage was not caused by blasting, so it denied Ferguson coverage. *Id.* ¶¶ 37–40. Ferguson then filed a damages suit against Bizzack in the Circuit Court of

Putnam County, West Virginia. ECF No. 12-4. Ferguson also filed this suit against Erie to obtain the full amount of coverage plus consequential damages. ECF No. 1 ¶¶ 42–43. In its Answer, Erie included a Third-Party Complaint against Bizzack seeking subrogation, contribution, or implied indemnity to the extent Ferguson obtains a judgment against Erie. ECF No. 5. Bizzack now moves to dismiss for lack of subject-matter jurisdiction, arguing the Court does not have diversity jurisdiction over the Third-Party Complaint. ECF No. 12. Alternatively, Bizzack moves the Court to stay this case pending resolution of the state action brought by Ferguson against Bizzack. *Id.*

## II. DISCUSSION

**A. The Court has diversity jurisdiction over the Third-Party Complaint.**

Ferguson's Complaint invoked this Court's jurisdiction under 28 U.S.C. § 1332, alleging the parties' citizenship is diverse and the amount in controversy exceeds $75,000. ECF No. 1 ¶ 6. Bizzack argues Erie's Third-Party Complaint destroys the parties' diversity, so the Court cannot exercise jurisdiction over it. ECF No. 13, at 3–7. For this reason, Bizzack moves to dismiss the Third-Party Complaint for lack of subject-matter jurisdiction. ECF No. 12.

Ferguson and Bizzack do not dispute the citizenship of each party. Ferguson alleges he is a citizen of West Virginia and Erie is a citizen of Pennsylvania. ECF No. 1 ¶¶ 1–2. Bizzack alleges to be a citizen of both Kentucky, its state of incorporation, and West Virginia, where member Douglas Plummer is a citizen. ECF No. 13, at 5 (citing ECF No. 12-2, at 6); *see Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . .").

Bizzack argues its shared West Virginia citizenship with Ferguson destroys complete diversity under § 1332 and thus prohibits the Court from exercising subject-matter jurisdiction

over it. ECF No. 13, at 3–7. Under § 1332, each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). However, the Supreme Court has clarified:

> Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually. Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. *The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant.* Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 n.1 (1996) (emphasis added). Here, diversity of citizenship is the basis for jurisdiction in the underlying action between Ferguson (West Virginia) and Erie (Pennsylvania). Diversity of citizenship also provides an independent jurisdictional basis for the Third-Party Complaint by Erie (Pennsylvania) against Bizzack (Kentucky/West Virginia). The fact that Ferguson and Bizzack are both citizens of West Virginia is irrelevant because no claims exist between them. *Id.*; *see Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-CV-01300-JMC, 2016 WL 3027552, at *20 (D.S.C. May 27, 2016) (holding diversity jurisdiction was not violated where plaintiff and third-party defendant were citizens of the same state); *Johnson v. New River Scenic Whitewater Tours, Inc.*, 313 F. Supp. 2d 621, 625–26 (S.D.W. Va. 2004) (holding the same). Because the Court has diversity jurisdiction over the Third-Party Complaint against Bizzack, the Court will not address the parties' arguments regarding the applicability of supplemental jurisdiction. *See* 3 Moore's Federal Practice - Civil § 14.41 (2020) ("If a claim independently satisfies federal question or diversity of citizenship jurisdiction, supplemental jurisdiction is not needed and should not be addressed."). Bizzack's Motion to Dismiss is denied.

**B. No exceptional circumstances exist to warrant abstention.**

In the alternative, Bizzack argues the Court should stay this case until the Circuit Court of Putnam County resolves the pending action between Ferguson and Bizzack. ECF No. 13, at 7–9. Bizzack claims a stay is appropriate because the state action is adjudicating the threshold issue of whether the company's blasting proximately caused the damage to Ferguson's property. *Id.* at 13.

A federal court may abstain from exercising jurisdiction in favor of concurrent and parallel state proceedings where doing so would serve the interests of "wise judicial administration, giving regard to the conservation of judicial resources." *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976). However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. Absent exceptional circumstances, the "district court has a duty to adjudicate a controversy properly before it." *New Beckley Mining Corp. v. Int'l Union*, 946 F.2d 1072, 1073 (4th Cir. 1991). To determine whether exceptional circumstances sufficient for abstention exist, courts consider six factors:

> (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking jurisdiction.

*Giles v. ICG, Inc.*, 789 F. Supp. 2d 706, 712 (S.D.W. Va. 2011) (citations omitted).

Before analyzing the six factors, the Court must address the threshold issue of whether the state action is sufficiently "parallel," meaning it involves "substantially the same parties . . . contemporaneously litigating the same issues in different forums." *Id.* (citations omitted). The parties do not dispute the state action is parallel, and the Court agrees. The state action involves Ferguson and Bizzack, the plaintiff and third-party defendant here, and is adjudicating this case's threshold issue of whether Bizzack's blasting damaged Ferguson's property. Erie is not a party in

the state proceeding, but perfect symmetry of parties and issues is not required. *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). Rather, parties with "nearly identical" interests are considered "substantially the same." *Id.* (citation omitted). In both actions, the defendants' primary interest is avoiding liability by refuting proximate causation between Bizzack's blasting and the damage to Ferguson's property. The Court therefore finds the proceedings are sufficiently parallel and moves on to the six *Colorado River* factors.

The first three factors do not support abstention. Neither court has assumed jurisdiction over a res or property, and the state and federal forums are close and similarly convenient. *See MidAtlantic Int'l, Inc. v. AGC Flat Glass N. Am., Inc.*, 497 F. App'x 279, 282 (4th Cir. 2012) (holding the absence of a contested res or property weighs against abstention). Bizzack mainly relies on the third factor, arguing inconsistent and conflicting results may occur if this Court maintains jurisdiction. ECF No. 17, at 3–4. However, the Supreme Court has explained that the "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colo. River Water Conservation Dist.*, 424 U.S. at 816. For piecemeal litigation to favor abstention, the Court's retention of jurisdiction "must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums." *Gannett Co. v. Clark Const. Grp., Inc.*, 286 F.3d 737, 744 (4th Cir. 2002); *see also New Beckley Mining Corp.*, 946 F.2d at 1074 ("[O]nly in the most extraordinary circumstances . . . may federal courts abstain from exercising jurisdiction in order to avoid piecemeal litigation.") (citation omitted). Bizzack offered no reason why retaining jurisdiction here would create inefficiencies and inconsistencies beyond those inherent in parallel litigation, so this factor does not support abstention.

Bizzack also relies on the fourth factor because the state action was filed first. ECF No. 13, at 9. However, the fourth factor is not "measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 3 (1983). Bizzack did not explain whether the state court is further along in adjudicating the merits of its case, so the fourth factor cannot be said to weigh in Bizzack's favor.

The fifth factor also does not support abstention even though federal law is not at issue in this case. The Fourth Circuit has explained that the fifth and sixth factors "typically are designed to justify retention of jurisdiction where an important federal right is implicated and state proceedings may be inadequate to protect the federal right . . . or where retention of jurisdiction would create 'needless friction' with important state policies." *Gannett Co.*, 286 F.3d at 746 (citations omitted). The mere absence of federal law in a case, as here, does not support abstention. *Id.*; *see also Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir. 1982) ("[U]ntil Congress decides to alter or eliminate the diversity jurisdiction we are not free to treat the diversity litigant as a second-class litigant, and we would be doing just that if we allowed a weaker showing of judicial economy to justify abstention in a diversity case than in a federal-question case.").

Of greatest significance here is the sixth factor: whether the state proceeding is adequate to protect Erie's rights. As previously discussed, Erie is not a party to the state action. Therefore, staying this case until the state court's resolution would deprive Erie of its ability to dispute whether Bizzack's blasting proximately caused the damage to Ferguson's home. It would be highly prejudicial for this Court to deny Erie's ability to defend itself and then issue a judgment against it should Ferguson prevail.

The Court therefore concludes none of the factors definitively favor abstention and no exceptional circumstances exist to justify the Court's surrendering of jurisdiction, principally because the state proceeding is inadequate to protect Erie's rights. The Court therefore denies Bizzack's Motion to Stay.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Bizzack's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or, in the Alternative, Motion to Stay, ECF No. 12. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 9, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE