IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD FERGUSON,
        Plaintiff,

v.                              CIVIL ACTION NO.  3:19-0810

ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,
d/b/a Erie Insurance Group,

        Defendant/Third-Party Plaintiff,

v.

BIZZACK CONSTRUCTION, LLC,

        Third-Party Defendant.

**MEMORANDUM ORDER AND OPINION**

Pending before the Court is Defendant Erie Insurance Property and Casualty Company's ("Erie"") Renewed Motion for Summary Judgment (ECF No. 71). For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

This case involves a dispute over a claim for insurance coverage for property damage at Plaintiff Richard Ferguson's home in Putnam County, West Virginia. Plaintiff alleged that his home sustained damages to the foundation walls, allegedly through the blasting operations of Bizzack Construction, LLC during its road construction activities in 2017-2018. Plaintiff alleges that the foundation walls to his home sustained fifteen vertical cracks during those blasting operations.

In connection with the blasting operations, a Pre-Blasting Survey was completed by Smith Adjusting, which documented a single existing vertical crack in the foundation wall. A seismograph was set up at Plaintiff's home to monitor the blasts by Bizzack Construction, LLC. Seventy-seven blasts occurred between February 23, 2017, and November 22, 2017, with two additional blasts taking place in October 2018.

On February 1, 2018, a Post-Blasting Inspection was completed at Plaintiff's home by Smith Adjusting. Plaintiff complained of additional cracks, and Smith Adjusting completed an investigation whether Plaintiff's home had sustained blasting damages. Smith Adjusting issued a report finding that the ground vibrations and blasts were under the threshold to cause damage to foundation malls and were at least 654 feet from Plaintiff's residence. After this Post-Blasting Inspection, Plaintiff complained of an additional thirteen cracks in the foundation walls, discovered April and May 2018. Two remaining cracks were discovered in September and October 2018. No new cracks have appeared since then.

At the time of the damage, Plaintiff's home was covered by an insurance police issued by Erie, Policy No. Q59 7200744. On May 21, 2018, Plaintiff submitted a claim to Erie. Erie retained a structural engineer, Tammy St. Clair, P.E. to investigate Plaintiff's damages and opine as to the cause of loss. On July 4, 2018, Ms. St. Clair, issued a report to Erie, finding that "in consideration of [the fact that the seismographs at the Ferguson residence did not report having 'triggered'], knowledge of blasting operations, and direct examination… the Ferguson residence has sustained no blasting-related damage… instead the cause of the cracks… is shrinkage of the grout-filled CMU cells." Because of this report, Erie determined that Plaintiff's property damage claim was not covered under the terms of the Erie Policy and advised Plaintiff that there was no coverage. After Erie's denial of coverage, Plaintiff retained another expert, Sam Wood, to inspect his home

and provide opinions as to the cause of damages. He issued a report describing his personal observations and concluded that blasting was the cause of these cracks.[1]

On November 13, 2019, Plaintiff initiated this lawsuit against Erie, alleging that Erie wrongfully denied coverage for his property insurance claim. In its Motion for Summary Judgment and accompanying Memorandum of Law and Renewed Motion for Summary Judgment, Erie asserted that Plaintiff had insufficient evidence to establish that the cracks were caused by blasting. ECF Nos. 49, 50, 71.Even if that were not true, Erie asserted that its Policy excludes coverage for any of the proffered causes of loss on the matter: either the blasting asserted by Plaintiff, or the grout shrinkage asserted by their expert. Plaintiff's response stated that the evidence presented by its other proposed witnesses called into question Ms. St. Clair's findings by questioning her reliance on seismograph data and alleged that Defendant had not definitively established that the cracks in the basement walls were caused by shrinkage of grout, as required to prove an exclusion. ECF No. 79. Defendant's reply noted that the only two proffered causes of loss, shrinkage of grout, and blasting, are both excluded by the policy and that the only evidence in this case from which a jury or this Court could determine efficient proximate cause of loss is limited to those two proffered causes of loss. ECF No. 82.

## II. LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the

---

[1] Defendant also filed a Motion in Limine to Exclude Sam Wood from Offering Opinion Testimony as to the Cause of Plaintiff's Damages (ECF No. 51), which was granted. Mr. Wood's testimony would be limited to his experience and personal observance, rather than causation related to blasting.

evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Certain principles governing insurance coverage litigation are well-established under West Virginia law. "Under West Virginia law, the plaintiff must prove both the existence of an applicable insurance contract and its material terms. It is only when the plaintiffs have established a prima facie case of coverage that the burden shifts to the defendants." *Camden-Clark Memorial Hosp. Ass'n v. St. Paul Fire & Marine Ins. Co.*, 682 S.E.2d 566, 573-74 (W. Va. 2009), citing *Payne v. Weston*, 466 S.E.2d 161, 165 (1995). When a policyholder shows that a loss occurred while an insurance policy was in force, "[a]n insurance company seeking to avoid liability through the operation of an exclusion has the burden of proving the facts necessary to the operation of that exclusion." Syl. pt. 3, *Farmers & Mechanics Mut. Ins. Co. of W. Virginia v. Cook*, 557 S.E.2d 801, 803 (2001) (citing Syl. pt. 7, *National Mutual Ins. Co. v. McMahon & Sons, Inc.*, 356 S.E.2d 488

(1987), *overruled on other grounds by Parsons v. Halliburton Energy Servs. Inc.,* 237 W. Va. 138 (W. Va. 2016)).

Under this broad "all risk" policy, Plaintiff needed to show "direct physical loss to property… except as excluded or limited herein." *Insurance Policy*, ECF No. 49-6 at 11. Defendants have never contended that Plaintiff has failed to meet his burden of showing direct physical loss, but only that the cause of the loss is covered by their policy exclusions for either "earth movement" or "inherent vice" which includes grout shrinkage. *See Defendant's Memorandum of Law in Support of its Renewed Motion for Summary Judgment* at 7-9, ECF No. 72.[2] Because of this, at this summary judgment stage, the Court considers whether Defendant has presented evidence such that there is no genuine issue of material fact as to the cause of Plaintiff's damages and such cause's exclusion under the insurance policy.

Defendant relied on the testimony of Tammy St. Clair, its engineering expert, to suggest that the cause of the damage to Plaintiff's home is grout shrinkage and not blasting. Plaintiff's evidence could call into question the veracity of Ms. St. Clair's reports by challenging her conclusions to create a genuine issue of material fact. For example, Ms. St. Clair's conclusions as to the cause of damage being grout shrinkage are based, at least in part, on the conclusion that the nearby blasting did not cause the cracks. For example, in her first report, she notes:

> That the seismographs at the Ferguson residence are reported to have not 'triggered' is an indication that the vibrations were well below the magnitude to cause damage. In consideration of this, knowledge of blasting operations and resulting damages to structures, and direct examination of the reported damages, it is therefore concluded that the Ferguson residence has sustained no blasting-related damage to the basement foundation walls. Instead the cause of the cracks in the basement foundation walls is shrinkage of the grout-filled CMU cells.

---

[2] The Court notes that the Policy would not provide coverage for blasting under the "earth movement" exclusion, as a matter of law. *See Erie Ins. Prop. & Casualty Co. v. Chaber and Chaber*, 801 S.E.2d 207, 211-212 (W. Va. 2017), (finding that similar earth movement language in an Erie policy covered both man-made and natural causes of earth movement (such as blasting)).

*St. Clair Engineering First Report* at 5, ECF No. 57-2.

In her second report, Ms. St. Clair specifically mentions that the evidence available from seismograph data means that blasting could not have caused the damage:

> [D]ata now available indicates that no blasting source was within 1000 feet of the Ferguson residence. During this period of time, a seismograph was located at the end of the driveway at the Ferguson residence… data now available indicates that the seismograph did 'trigger' four times… [but] because ground vibrations dissipate with distance and the Ferguson residence was farther from the source than the seismograph, the residence experienced even less PPV [peak particle velocity] … This PPV is insufficient to cause even threshold damage to the Ferguson residence.

*St. Clair Engineering Second Report* at 13, ECF No. 57-4.

Plaintiff's proposed expert testimony, however, calls into question the veracity of the seismographic data used, in a way that challenges the foundations of Ms. St. Clair's report. For example, in his report, Mr. Ratcliffe notes that "[i]t appears that the blasting logs used this erroneous GPS location [not near the Ferguson residence] for every blast location of the seismograph unit." *Ratcliff Report* at 4-5, ECF No. 57-7. Similarly, in his deposition, Mr. Ratcliff asserts that the seismographic data is incorrect. *Ratcliff Depo.*, ECF No. 71-17. Because this assertion calls into question her reasoning for finding that the damage was caused by shrinkage, it creates an issue of material fact.

Similarly, Plaintiff's witness Mr. King's testimony might call into question the reasons behind the changes in Ms. St. Clair's reports in a way that a factfinder could find persuasive from his own experience as an insurance claims adjuster. For example, he notes that he "had assumed Tammy St. Clair would say something in support of one or more of the exclusions in the policy… [and] was surprised to find that she did not." *King Depo.* at 30-31, ECF No. 57-5. Additionally, Wood's testimony, while excluded as to causation, would be admissible as to his own personal

observations and experience as an engineer. *See Wood Dep.* at 20-50, ECF No. 57-10. He may testify as to his understanding of grout material or concrete material and cracking in cinder block walls filled with rebar. *See Wood Depo.* at 50-53, 71-73 (discussing shrinkage and the appearance of grout after shrinkage). He may also discuss the nature and direction of the observed cracks in Mr. Ferguson's basement in a way that may contradict or discredit Ms. St. Clair's findings of grout shrinkage.

When taken altogether then, Plaintiff's proposed evidence creates a genuine issue of material fact as to what the cause of damage was, and whether it was excluded by the policy, and so creates a genuine issue of material fact as to survive summary judgment. It is not the job of the court to resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.,* 65 F.3d 1229, 1239 (4th Cir.1995), nor make determinations of credibility. *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir.1986).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 71) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 24, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE