IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD FERGUSON,
    Plaintiff,

v.                                         CIVIL ACTION NO.   3:19-0810

ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,
  d/b/a Erie Insurance Group,
    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Erie Insurance Property and Casualty Company, d/b/a Erie Insurance Group's ("Erie") Motion in Limine to Exclude Plaintiff's Expert Vince King from Offering Testimony Regarding the Cause of Plaintiff's Alleged Damages and From Offering Opinion Testimony as to the Law of the Case. ECF No. 100. Plaintiff responded to this Motion on October 22, 2021. ECF No. 101. Defendant replied on October 29, 2021. ECF No. 102. For the reasons herein, the Court **GRANTS IN PART and DENIES IN PART** the Motion.

## I. BACKGROUND

This case involves an insurance coverage dispute for property damage at Plaintiff Richard Ferguson's home in Putnam County, West Virginia. Plaintiff alleged that his home sustained damages to the foundation walls through the blasting operations of Bizzack Construction, LLC during its road construction activities in 2017-2018. Plaintiff alleges that the foundation walls to his home sustained fifteen vertical cracks during those blasting operations.

At the time of the damage, Plaintiff's home was covered by an insurance police issued by Erie, Policy No. Q59 7200744. On May 21, 2018, Plaintiff submitted a claim to Erie. Erie retained

a structural engineer, Tammy St. Clair, P.E., to investigate Plaintiff's damages and opine as to the cause of loss. Ms. St. Clair issued a report to Erie, finding that the cause of the damage to Plaintiff's home resulted from the shrinkage of the grout-filled CMU cells. Because of this report, Erie determined that Plaintiff's property damage claim was not covered under the terms of the Erie Policy and advised Plaintiff that there was no coverage. Plaintiff initiated this lawsuit against Erie, alleging that Erie wrongfully denied coverage for his property insurance claim, which was the result of blasting.

On September 13, 2021, this Court granted former Third-Party Defendant Bizzack Construction, LLC's Motion for Summary Judgment against Erie, who was seeking indemnification from Bizzack. Order, ECF No. 96. It found that "because Plaintiff does not have admissible evidence that blasting was the cause of damage to his home, Erie cannot show that Bizzack's blasting activities caused the claim for which Erie seeks recovery." *Id*. at 1-2. However, the Court denied Erie's Motion for Summary Judgment. Order, ECF. No 99. It noted that when taken together, Plaintiff's proposed evidence "create[d] a genuine issue of material fact as to what the cause of damage was, and whether it was excluded by the policy." *Id* at 7.

Throughout the course of the litigation, Plaintiff has identified Vince King as an insurance expert. In his Rule 26(a)(2) disclosures, Plaintiff stated that "Mr. King is expected to testify regarding the standard practices and protocols in the insurance industry." Pl.'s Rule 26(a)(2) Disclosures, ECF No. 100-1 at 1. In anticipation of the litigation, Mr. King produced a report in which he offered three categories of opinions: (1) that Erie engaged in post-claim underwriting; (2) that Erie breached the insurance contract by violating the implied covenant of good faith and fair dealing; and (3) that Erie could be subject to extracontractual claims. *See* Vince King Rep., ECF No. 57-6. Defendant has moved in limine to preclude Mr. King from offering opinions

regarding the cause of any of the alleged damages or challenging the methods and basis by which Defendant's expert reached her conclusions. *See* Mot 1, ECF No. 100. Defendant also seeks to preclude Mr. King from offering opinions regarding the law or to instruct the trial court as to applicable law of the case. *Id*.

## II. LEGAL STANDARD AND DISCUSSION

The admissibility of expert testimony in court proceedings is governed by Rule 702 of the Federal Rules of Evidence.[1] In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 assigns district courts the "gatekeeping" "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993); *Belville v. Ford Motor Co.*, 919 F.3d 224, 232 (4th Cir. 2019). Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

### A. Expert Testimony on Causation

Defendant first notes that Mr. King was never disclosed to offer opinions challenging Ms. St. Clair's conclusions. *See* Mot. at 4. Further, Defendant notes that Mr. King's only opinion as to Ms. St. Clair's findings was to criticize her conduct during her investigation, specifically for not

---

[1] In whole, Rule 702 provides:
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

having reviewed pre-blast and post-blasting reports in ruling out blasting as a cause of loss. *See id.*; *see also* King Depo., ECF No. 100-1 at 9. Defendant also argues that Mr. King is not qualified, by his own admission, to volunteer opinions about grout shrinkage. *Id*. Plaintiff does not appear to dispute that Mr. King cannot testify as to causation. *See e.g.*, Pl.'s Resp., ECF No. 101. It is true that blasting as a covered loss is no longer an issue in this case. *See* Order at 5 fn.2, (ECF No. 99). It is further undisputed that Vince King is not a qualified engineer and cannot, as he did in his depositions, volunteer opinions regarding grout shrinkage or causation. *See* King Depo. at 49. He is similarly not qualified to offer opinions as to what investigation was necessary for a structural engineer to determine whether grout shrinkage had occurred, because he has no expertise in this area. *Id*. at 22. Accordingly, Mr. King cannot testify as to causation or critique the scientific foundation underlying Ms. St. Clair's reports, and so the Motion is **GRANTED IN PART.**

### B. Expert Testimony on Insurance Claims

Defendant next asserts that the issue to be tried before the jury is isolated to the cause of damage and that Plaintiff has not asserted any claim that Erie's handling of Plaintiff's insurance claim was improper. Mot. at 2. Therefore, Mr. King's testimony as to insurance coverage issues or the way Erie determined coverage is irrelevant. *Id*. Plaintiff responds that Mr. King is offered to discuss issues related to the applicable insurance contract and its material terms. Pl.'s Resp. at 2. Mr. King would be able to assist the Court and jury in "understanding the underlying principles of insurance in assessing the existence of coverage and the analysis an insurance company should follow to determine whether the burden has shifted to the insurer to establish the factual predicate for the application of an exclusion contained in the policy."[2] *Id*. Plaintiff's Complaint alleges that

---

[2] It is, of course, typically improper for a court to rely on expert testimony for the purposes of interpreting certain terms and/or clauses of a contract. *See Forest Creek Assoc. v. McLean Savs. and Loan Ass'n,* 831 F.2d 1238, 1242 (4th Cir.1987).

Erie wrongfully uses St. Clair Engineering to deny claims and that post-claim underwriting has improperly taken place. Compl. ¶¶ 38, 41. As such, what protocols Erie followed are relevant to the case. For example, Mr. King identifies what he believes might be post-claim underwriting, which may speak to Erie's decision to improperly deny Mr. Ferguson's claim. *See* King Depo. at 62-69. Given that the scope of the question before the jury involves questions of insurance coverage that go beyond causation, Mr. King might be able to assist a jury in the typical protocols and analysis an insurer uses when deciding to cover a claim. This may assist a jury in determining whether the cause of damage that Defendant asserts constitutes "post-claim underwriting." Mr. King has experience and expertise in insurance matters, and if his testimony is helpful to a jury, and limited to describing the insurance claim process, it will be both relevant and useful. Accordingly, Mr. King may testify as an insurance expert on matters of insurance procedures and practice as they relate to coverage. Because of this, the Motion is **DENIED IN PART**.

Whether or not the jury finds this evidence persuasive is a matter for them. For these reasons, Mr. King should be permitted to testify as to the analysis an insurance company should follow in determining coverage. This may implicate Ms. St. Clair's conclusions, but if Mr. King attempts to testify as to causation or her scientific findings, this Court can rule on objections during trial as to particular questions that may be improper.

**C. Expert Testimony on the Applicable Law**

Defendant asks the Court to preclude Mr. King from testifying as to his opinions regarding the applicable law. *See* Mot. at 6. Plaintiff's response does not appear to contest this issue specifically, noting only that "Mr. King is proffered as an expert witness to discuss issues related to the applicable insurance contract and its material terms, to assist Plaintiff in establishing a prima facie case of coverage that shifts the burden to the Defendant." Pl.'s Resp. at 2.

"Generally it is not permissible for an expert to opine as to the law of the case, or to instruct the trial court as to the applicable law of the case." *France v. Southern Equip. Co.*, 689 S.E.2d 1, 14 (W. Va. 2010). An expert "may not testify as to such questions of law as the interpretation of a statute… or case law… or the meaning of terms in a statute… or the legality of conduct. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 600 S.E. 2d 346, 255 (W. Va. 2004). In his deposition, Mr. King testified at length as to the applicable law. King Depo. at 35. Similarly, in his report, he explains the applicable law to support some of his contentions. *See* King Report, ECF No. 57-6. These statements are inadmissible, and to that extent the Motion is **GRANTED IN PART.**

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion. Mr. King may testify as to applicable insurance practice and standards. However, he may not testify as to the causation of the damage, or the scientific underpinnings of Ms. St. Clair's report. Similarly, he must not opine on the law underlying the case. Within the scope of these limitations however, Mr. King may testify.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 8, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE